UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:23-cv-03012-EFB (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, an unincarcerated individual proceeding pro se, has filed a petition for writ of habeas corpus. Petitioner asserts that this court has jurisdiction under 28 U.S.C. §§ 2241, 2242, 2255 and 42 U.S.C. § 1983.

As best the court can discern, petitioner wishes to challenge an order of the Sacramento County Superior Court granting guardianship of her minor child to the child's biological father and his mother. ECF No. 1.

Children whose custody has been determined through state proceedings, but who are not incarcerated, are not "in custody" for purposes of the federal habeas corpus statutes. *Lehman v. Lycoming Cnty. Children's Servs Agency*, 458 U.S. 502, 512-16 (1982) ("extending the federal writ to challenges to state child-custody decisions – challenges based on alleged constitutional defects collateral to the actual custody decision – would be an unprecedented expansion of the jurisdiction of the lower federal courts"); *see also Bell v. Dept. of Social and Health Servs.*, 382

Fed. Appx. 669, 670 (9th Cir. 2010) (federal courts lacked jurisdiction to adjudicate habeas petitioner's challenge to constitutionality of state's termination of his parental rights); *Cucalon v. Rice,* 317 Fed. Appx. 602, 603 (9th Cir. 2008) ("state court judgments concerning child custody matters are beyond the purview of habeas corpus.").

Nor may petitioner proceed in a combined habeas petition and action under 42 U.S.C. § 1983. Should petitioner wish to challenge the conduct of state actors through that (or another federal) statute, she may refile the action as a civil rights complaint.

Therefore, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action. It is further RECOMMENDED that the petition be dismissed without leave to amend for failure to state a cognizable habeas claim, but without prejudice to any refiling as a civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2